UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PIM-PIM LIM, YANJUN ZHOU AND YIWEN ZHU,
*on behalf of themselves and others similarly situated,*
                                **Plaintiffs,**        Case No:

                  v.                                  **COLLECTIVE ACTION
                                                       COMPLAINT**
STAGER TRAVEL & CHARTERS INC., AEOLUS
COACHLINES LLC, RICHARD WAI KIONG CHAN,
YI JUN CHEN, and FRANK WAIYIN CHAU,
                                **Defendants.**
-------------------------------------------------------------------X

       Plaintiffs, PIM-PIM LIM, YANJUN ZHOU AND YIWEN ZHU, by and through their attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants STAGER TRAVEL & CHARTERS INC., YI JUN CHEN, AEOLUS COACHLINES LLC, RICHARD WAI KIONG CHAN AND FRANK WAIYIN CHAU, alleges upon information and belief as follows:

## INTRODUCTION

       1.     This action is brought by Plaintiffs, on behalf of themselves as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

       2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek and spread

of hours, as well as failing to provide their employees, including Plaintiffs, with wage notice at the time of hiring and wage statements.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs;

4. Plaintiffs further allege pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid spread of hours compensation, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid spread of hours compensation pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff Yanjun Zhou ("Plaintiff Zhou") is an individual residing in Queens, New York.

8. From on or around August 1, 2015 to on or around February 21, 2017, Plaintiff Zhou was employed as a full-time tour guide in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

9. Plaintiff Yiwen Zhu ("Plaintiff Zhu") is an individual residing in Queens, New York.

10. From on or around May 1, 2015 to on or around March 31, 2017, Plaintiff Zhu was employed as an office staff in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

11. Plaintiff Pim-Pim Lim ("Plaintiff Lim") is an individual residing in Queens, New York.

12. From in or around October 1, 2014 to on or around February 28, 2017, Plaintiff Lim was employed as a bookkeeper/office staff in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

## DEFENDANTS

*Corporate Defendant STAGER*

13. Upon information and belief, STAGER TRAVEL & CHARTERS INC ("Defendant STAGER") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 240 East 47th Street, #13F, New York, New York, 10007.

14. Upon information and belief, Defendant STAGER has about ten (10) employees.

15. Upon information and belief, Defendant STAGER at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

16. Upon information and belief, Defendant STAGER purchased and handled goods moved in interstate commerce.

17. At all times relevant times, Defendant STAGER was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Corporate Defendant AEOLUS*

18. Upon information and belief, AEOLUS COACHLINES LLC ("Defendant AEOLUS") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 135-17 40th Road, 3rd Floor, Flushing, New York, 11354.

19. Upon information and belief, Defendant AEOLUS has about ten (10) employees.

20. Upon information and belief, Defendant AEOLUS at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

21. Upon information and belief, Defendant AEOLUS purchased and handled goods moved in interstate commerce.

22. At all times relevant times, Defendant AEOLUS was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendant Richard Wai Kiong Chan*

23. Upon information and belief, Defendant Richard Wai Kiong Chan is the owner, chief executive officer, and/or managing agent of Corporate Defendant STAGER and participated in the day-to-day operations of Corporate Defendant STAGER and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Corporate Defendant STAGER.

24. Upon information and belief, Defendant Richard Wai Kiong Chan owns the stock of Corporate Defendant STAGER and manages and makes all business decisions regarding Defendant Corporation.

25. Upon information and belief, Defendant Richard Wai Kiong Chan determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

### *Owner/ Operator Defendant Yi Jun Chen*

27. Upon information and belief, Defendant Yi Jun Chen is the owner, chief executive officer, and/or managing agent of Corporate Defendant STAGER and participated in the day-to-day operations of Corporate Defendant STAGER and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Corporate Defendant STAGER.

28. Upon information and belief, Defendant Yi Jun Chen owns the stock of Corporate Defendant STAGER and manages and makes all business decisions regarding Defendant Corporation.

29. Upon information and belief, Defendant Yi Jun Chen determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

*Owner/ Operator Defendant Frank Waiyin Chau*

31. Upon information and belief, Defendant Frank Waiyin Chau is the owner, chief executive officer, and/or managing agent of Corporate Defendant AEOLUS and participated in the day-to-day operations of Corporate Defendant AEOLUS and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Corporate Defendant AEOLUS.

32. Upon information and belief, Defendant Frank Waiyin Chau owns the stock of Corporate Defendant AEOLUS and manages and makes all business decisions regarding Defendant Corporation.

33. Upon information and belief, Defendant Frank Waiyin Chau determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

34. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action

Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

36.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

37.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

38.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

39. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

  a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

  b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

40. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

42. Defendants committed the following alleged acts knowingly, intentionally and willfully.

43. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours, failure to provide the required wage notice at the time of hiring, that the failure to provide the required wage statement with every payment of wages, and unlawful retaliation against Plaintiff would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Yanjun Zhou*

44.     From approximately August 1, 2015 to on or around February 21, 2018, Plaintiff Zhou was employed as a full-time tour guide in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

45.     Throughout his employment with Defendants, Defendants exercised control over Plaintiff Zhou. For instance, Defendants set his tour schedule and work schedule, which Plaintiff Zhou had no right to change; if Plaintiff Zhou could not work on a particular day, he had to call Defendants' office to notify Defendants' of his absence.

46.     Upon information and belief, Plaintiff Zhou's work is an integral part of Defendants' business.

47.     Plaintiff Zhou was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

48.     From approximately August 1, 2015 to on or around February 21, 2018, Plaintiff Zhou worked four to six days per week. For each of his workdays, Plaintiff Zhou worked for 10 to 12 hours.  Plaintiff Zhao therefore worked approximately fifty-five (55) hours per week. Plaintiff Zhou is entitled to spread of hours premium for this stated employment period.

49.      Throughout Plaintiff Zhou's employment with Defendants, Plaintiff was paid at a fixed rate of $100 to $ 150 per day regardless the number of hours he actually worked.

50. From on or around August 1, 2009 to on or around February 21, 2017, Plaintiff Zhou was paid monthly through check and cash, with the allocation of two-thirds in check, and one-third in cash.

51. Upon information and belief, ever since September 2016, Defendants started to regularly fail to pay Plaintiff Zhou's wage. As of September 5, 2018, Defendant still owes Plaintiff Zhou $ 3632.5 for unpaid wages in September.

52. Throughout his employment with Defendants, Plaintiff Zhou was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

53. Throughout his employment with Defendants, Plaintiff Zhou was not overtime-exempt under federal and state laws.

54. Defendants did not provide Plaintiff Zhou with a correct wage statement with every wage payment.

*Plaintiff Yiwen Zhu*

55. From in or around May 1, 2015 to on or around March 31, 2017, Plaintiff Zhu was employed as an office staff in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

56. Plaintiff Zhu was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, and the regular pay day designated by Defendants.

57. From on or around May 1, 2015 to in or around March 31, 2017, Plaintiff Zhu worked five days per week with Saturday and Sunday off and she worked from around 9:30 am to

around 6:00 pm each day without a break. Plaintiff Zhu therefore worked forty-two and a half (42.5) hours per week during this employment period.

58. Plaintiff Zhu was not required to punch time card, sign in/out, or to otherwise record her work hours.

59. Throughout her employment with Defendants, Plaintiff Zhu was paid at a fixed rate of $1,800.00 per month, regardless the number of hours she actually worked.

60. Throughout her employment with Defendants, Plaintiff Zhu was paid monthly by cash. Nevertheless, Defendants have always delayed for 1-2 months in paying Plaintiff Zhu's month wage.

61. Upon information and belief, ever since September 2016, Defendants started to regularly fail to pay Plaintiff Zhu's wage. As of February 21, 2017, Defendant still owes Plaintiff Zhou unpaid wages in the amount of around $12,932.50.

62. Defendants did not provide Plaintiff Zhu with a proper pay stub with each wage payment.

*Plaintiff Pim-Pim Lim*

63. From on or around October 1, 2014 to on or around February 28, 2017, Plaintiff Lim was employed as a bookkeeper/office staff in Defendants' tourism company located at 240 East 47th Street, #13F, New York, New York, 10007.

64. Plaintiff Lim was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, and the regular pay day designated by Defendants.

65. From on or around October 1, 2014 to in or around February 28, 2017, Plaintiff Lim worked five days per week with Saturday and Sunday off and she worked from 9:30 am to around 6:00 pm each day without a break. Plaintiff Lim therefore worked forty-two and a half (42.5) hours per week during this employment period.

66. Plaintiff Zhu was not required to punch time card, sign in/out, or to otherwise record her work hours.

67. Throughout her employment with Defendants, Plaintiff Lim was paid at a fixed rate of $3,000 per month with the allocation of $2, 000 in check and $1,000 in cash.

68. Defendants did not provide Plaintiff Lim with a proper pay stub with each wage payment.

## STATEMENT OF CLAIMS

### COUNT I

**[Violation of New York Labor Law—Minimum Wage**

**Brought on behalf of Plaintiff Zhou and Plaintiff Zhu]**

69. Plaintiff Zhou and Plaintiff Zhu re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. At all relevant times, Plaintiff Zhou and Plaintiff Zhu were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

72. Defendants knowingly and willfully violated Plaintiff Zhou and Plaintiff Zhu's rights by failing to pay their minimum wages in the lawful amount for hours worked.

## COUNT II

## [Violations of the Fair Labor Standards Act—Overtime Wage

## Brought on behalf of the Plaintiffs and the FLSA Collective]

73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

74. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

75. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

76. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime premiums violated the FLSA.

77. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

78. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

79. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

80. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT III

**[Violations of the Fair Labor Standards Act—Overtime Wage**

**Brought on behalf of the Plaintiffs and the FLSA Collective]**

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

83. Defendants' failure to pay Plaintiffs their overtime premiums violated the NYLL.

84. Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT IV

**[Violation of New York Labor Law—Spread of Hours**

**Brought on behalf of Plaintiff Zhou]**

85. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

86. From in or around August 1, 2015 to in or around February 21, 2017, Plaintiff Zhou routinely worked a "spread of hours" of in average 11 hours per work day.

87. Despite the fact that Plaintiff Zhou routinely worked a "spread of hours" greater than ten hours per day during certain employment period with Defendants, Defendants did not pay Plaintiffs any additional compensation as required by the regulations.

88. Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT V

**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiffs]**

89. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

91. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

92. Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiffs thereafter.

93. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX

### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiff]

94. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

96. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

97. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

98. WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

99. Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

100. Certification of this case as a collective action pursuant to FLSA;

101. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

102. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

103. An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

104. Award Plaintiffs unpaid wages and unpaid overtime due under the FLSA and the New York Labor Law;

105. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against Plaintiff Zhao pursuant to 29 U.S.C. §216;

106. Award Plaintiffs "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiffs worked 10 or more hours in a workday pursuant to New York Labor Law and its regulations;

107. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

108. The cost and disbursements of this action;

109. An award of prejudgment and post-judgment fees; and

110. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

DATED:   February 13, 2019
         Flushing, New York

/s/ *Xiaoxi Liu*

XIAOXI LIU, ESQ.
Attorney(s) for Plaintiff
Hang & Associates, PLLC
136-20 38th Avenue
Suite 10G

Flushing, NY 11354
Telephone No.: (718) 353-8588
Fax No.: (718) 353-6288
